Please approach and proceed counsel. Thank you. My thoughts regarding this statute have evolved over the time since the case was filed. I'm sorry I'm Alan Harris for Ms. Millig. My thoughts regarding this statute have evolved over the last couple of years and I think the most important case for this in the California Supreme Court, which dealt with similar labor code provisions concerning missed meal periods. In that case, I need to quote from page 1104, quote, a penalty is that which an individual is allowed to recover against a wrongdoer as the satisfaction for the wrong or injury suffered and without reference to the actual damage sustained. Penalties provide for the recovery of damages additional to actual losses incurred, such as double or treble damages. Murphy also discusses the specific statute at issue in this case and Murphy reiterates a long string of California Supreme Court decisions. Quote, we have also recognized that statutes governing conditions of employment are to be construed broadly in favor of protecting employees. I think that is the framework in which the California Supreme Court will ultimately view this statute in one of two ways. Ultimately, it will either say section 226 is a penalty statute and there's a one-year statute of implied and as a penalty, you recover the $50 for the initial violation, quote, without reference to the actual damage sustained. They do say for the injury and can we presume that California is saying the injury is simply the violation? I think you can, Your Honor, because as a practical matter, we see that the way the Murphy Court addresses this, there are two reasons for statutes of this nature. One is to shape employer behavior and that function for the statute will be forfeit if it is limited to cases where you have to show actual damage. The statute says you get the greater of actual damage or $50 for the first violation. So the question is, in my mind at least for the California Supreme Court ultimately, will be is that $50 payment liquidated damages and is there a three-year statute of limitations applied because it's a statutory violation or is it a penalty with a one-year statute of limitations applied? But the court has said clearly in the Murphy case that an individual is allowed to recover a penalty against a wrongdoer as a satisfaction for the wrong or injury suffered without reference to the actual damage sustained. So the question that ultimately will be decided if it's a penalty, there'll be a one-year statute of limitations, but there's no need to show actual damage or it is a liquidated damage provision where you get the actual damages or you get your $50 as liquidated damages and there'd be a three-year statute of limitations applied for a statutory violation. Should we wait for the Supreme Court to tell us what damage or injury really is in Brinkley? Well, that certainly will be an instructive decision. I think, however... I mean, is it going to be on all four with what we have here? I don't think Brinkley will take us further than what we have with Murphy. So you'd say we could go forward without waiting? I think we could either, Your Honor, I think you could either go forward without waiting for Brinkley or you could ask the Supreme Court on the specific statute because I don't think Brinkley is going to address specifically 226 any more than Murphy does. Well, Brinkley, doesn't it really say the plaintiff has to show that she suffered this injury, that there's an injury, real injury, to recover the statutory penalties and now it's on review? Yes, and I think that... Isn't that our question? Absolutely, Your Honor, and I think it is addressed by Murphy where Murphy says, plainly, a penalty is that which an individual is allowed to recover without reference to the actual damage sustained. Let me ask you another question which is going to turn your argument just a little bit. Why did the District Court abuse its discretion in denying the motion to grant leave to file amended complaint as related to 201 and 202? Yes, Your Honor. 201 and 202 are certainly not common conduct, transition to action, or occurrence with 226, are they? No, Your Honor. So then why is it that one could ever, or how could they ever, file amended complaint as relates to those sections? Because, Your Honor, the initial complaint was about 226, and you suggest violation of 201 and 202, but they're not in 226, as you've already said, so it seems to me it's futile to bring an amendment for those. That is a more difficult argument for me to make than with respect to the amendment for the 226 violation. But I understand that. I think, good, so I think there are two aspects to the amendment. The point I would make, Your Honor, the employment ended. My client was fired in August 3106. On May 30th, we filed the letter and served the defendant with the statutorily required request to assert and seek recovery of civil penalties for the state and the state. So, if I read the statute, you then had to do something by July the 2nd. Well, I think that the filing of that letter should be construed to toll the statute of limitations. Well, but that's not what the statute says. The statute says you send the letter and then you wait 33 days. If they don't do anything within the 33 days, then you can file your suit after the 33 days is over. So then, your 33 days of tolling is up and you start again counting on July the 2nd, 2007. And it gave you 60 days from there to file it automatically. So, if I take 60 days, now you're on September the 21st. And at that point, the And we didn't have anything happen on a motion to amend until October 31st. Well, I think the, I'm sorry, I think the, we did file a request for ex-party relief that would... A request for ex-party relief is not a motion to amend. I understand. And it seems to me, if we look at the overall purpose of these to say where we did... How could we have equitable tolling in this particular instance? The statute talks about motions to amend and somebody files an ex-party. This isn't just some regular guy off the street. This is an attorney, an ex-party application. The problem was because of, I think, the requirement for, in the district court, for the 21-day meet and confer to take place. And so, I agree with your honor. The issue under 26... Well, the problem really is, from what I'm hearing from you, we didn't do what we had to do about meet and confer. So, we tried to do something to get the statute not to run. So, we filed the next party. And we should have been filing a motion to amend, but we knew we'd have to do it. But that leads back to the same point. We didn't get it done the way it ought to be done within the appropriate time period. Well, this was a highly unusual case. There have been numerous times the normal procedure, and this is in the record, the normal procedure is you submit the letter and you get a timely response from the state. Here... Well, if it's like Idaho, and I don't know California, but Idaho kind of has a similar idea. You submit it over there, and they usually respond on time. But because they don't want you to hold you up, they say, if you don't get any response, you can go forward anyway after a certain point in time. And that's what happened here. I understand that. And here, your honor, we were trying to contact the state to determine the state on October 11, 2007. And so I think, given the remedial nature of Section 2699 and its purposes, I think it would be fair in this case to hold that sending the letter to the state was timely in May, and that we should be   Thank you. I appreciate your time. Unless there are questions? I have no other questions. We'll give you a minute for rebuttal. Thank you very much. Good morning, Your Honors. R.J. Hendricks with Morgan Lewis & Bonkus on behalf of the Appelli American Airlines. Let me address the first issue regarding the denial of the motion for leave to amend. The plaintiff did not timely file their motion or obtain amendment to the complaint within the timeframe set forth under the PAGA statute. If you look at the statute specifically, it authorized action to file 33 days after they submitted their initial notice to the agency. There was no reason for them to delay. They could have, under that framework, timely filed a motion and obtained amendment to the complaint for this cause of action had they proceeded diligently. We're talking 201-202, right? We're talking all of it, Your Honor. All of it, 226. We're on 226, but again, as to the... 226, you can relate back. 226... It has to do with the same conduct, the same transaction, the same occurrence, alleging a 226 under a different statute. It's the same stuff. Your Honor, Moreno v. AutoZone and Wilson v. People cited in our briefs preclude that relation-backed notion. Why? Because there was a condition precedent in order for a plaintiff to bring the action. The condition precedent was filing the notice letter with the agency. Right. But that happened for the 226 claim. It happened after the complaint was filed. The complaint was filed before even the letter was submitted. So at the time that the complaint was filed, no letter to the agency had been sent. There was no condition precedent necessary to have such a claim. And because that...  It doesn't relate back to that. The issue, Your Honor, is that... Does it relate back to the original complaint? The complaint did not make any allegations concerning the PAGA claim. The complaint did not identify in it any allegations that it was intending to exhaust as to that requirement. They were not able to bring such a claim at that point in time. So it doesn't really relate back to it. You said Moreno. What was the other case you cited? Moreno v. AutoZone and Wilson v. People. Moreno is a district court case. And where is Wilson from? Wilson is a California Court of Appeal case. The quote is, a subsequent pleading which sets out the subsequent performance of statutory condition precedent cannot relate back to the time of performance, back to the time of the filing of the original complaint. So that's the procedural defect that... That's not a pleading case, is it? What's that, Your Honor? Was Wilson a pleading case? In terms of whether the operative complaint, you could relate back to the... Was that... I believe so. And Moreno made the same argument. Moreno denied... I understand Moreno. I'm just asking about the California, because we're dealing with California law, so... So in that respect, plaintiff was untimely. And on 226, it does not relate back because the notice letter that was sent as of the time of the filing of the complaint, May 1st, it was submitted May 30th, 30 days later. So it does not relate back to the original complaint. Let me ask, let me get you off this case, off this argument. Let's go to 226 itself, because that was in the original complaint. Correct. Isn't it logical that we'd wait on Brinkley to decide that issue? Under certain circumstances, I would agree with the court, because you're correct, Brinkley does support the decision reached by the district court. However, since Brinkley, we already have a decision from the California Supreme Court in Meyer v. Sprint Spectrum, which we feel resolves this issue. This issue really is an issue of statutory construction. It is. And what the California Supreme Court decided in that case, and we cite it to the supplemental authority in our March 2nd, 2009 letter, is that when you look at a statute, and this is a quote, when a statute speaks plainly about the use of an unlawful practice causing or resulting in some sort of damage, not only must a plaintiff be exposed to an unlawful practice, but some kind of damage must result. In that case, it was interpreting a California statute. It wasn't interpreting 226A, was it? What's that? It was not interpreting 226A. That's correct. It was citing general principle there. It was citing to a statute, however, that in terms of the structure of the operative language parallels the exact structure of 226. And if, in fact, Brinkley deals with 226E injury specifically, isn't it a good thing for this Court to wait and see what California itself says before we set foot in that area? If the Meyer v. Sprint Structural case did not exist, if the statute involved in Meyer did not parallel in its structure the language of 226 in terms of the operative provisions, I would agree with you. How long is it going to take before Brinkley is decided? I don't know, Your Honor. You know anything of its status? Unfortunately, I do not. I'm sorry about that. But what I would point out is that the language that the Court was dealing with in the Meyer case involved the following. Any consumer who suffers any damage as a result of is entitled to bring, and it goes on and lists that. That's the exact same language that we're dealing with in 226. So the issue is right before this Court. You are correct with respect to the ultimate objective is to try to determine how the California Supreme Court would rule, but we have that authority with respect to the issue of statutory construction. We have that authority in the Meyers case. Now, in addition to that, you also have the authority of the Elliott v. Sperian case, as well as the Brinkley case and the other cases that we cite that go on the plain language of the statute. I don't think we need to wait for the Supreme Court to decide an issue regarding the plain language of the statute. The language of the statute is clear. It makes the suffrage of an injury a precondition to any other relief, monetary relief under the statute. And when you have that sort of clarity buttressed by a California Supreme Court case and other district court cases, we think the issue can be decided here. Obviously, as you can imagine, my inference is that it would be decided in the affirmance of the motion for summary judgment because this is the same logic that the district court followed. As a procedural matter, if the condition precedent has not been met at the time of the filing of the action and then it's met and the plea is not amended, is that complaint still valid? That particular claim, which is attempting to be amended, would not be timely, and therefore that claim I mean the original. If the original complaint does not plead that the condition has been met because it hasn't been, and then subsequently the condition is met but the complaint's never amended to assert that the condition has been met, is that original complaint still valid? The complaint as to the claims alleged would still be valid. How can it be valid if it doesn't allege that the operative, the precedent condition has been met? How can it be valid? Because in this instance, the plaintiff has two different, in essence, 226 theories. The first theory is a direct theory under the statute itself. That claim would still be valid. They can proceed on that claim, which was disposed of on summary judgment. The additional claim is really a derivative claim. It's a PAGA claim brought under a different statute, which relies upon a purported violation of 226. That subsequent claim would not be valid because it would be time-barred. But didn't the original complaint also have the condition precedent that you have to do the notice letter? Not for a direct claim under 226 under the labor code. And one thing that should not be lost in the court is, in this record, there is absolutely no explanation whatsoever as to why this notice letter wasn't obtained prior to filing the complaint. There was no restriction from doing that. It could have been obtained at any given point. And the fact that there was this delay is not an example of diligence or justifies any sort of equitable consideration whatsoever. Second, even though the letter was not obtained or even sent prior to the filing of the complaint, there was still an opportunity with ample diligence to have filed an amended complaint and attempted to get this issue resolved before the deadline. They didn't do that. They're not challenging the decision of the district court to deny the ex parte application. And I note for the record that ex parte application was not an order-shortening time for anything. It was simply directly to cite this motion to amend, which was a disputed issue. So there's not been any diligence with respect to that at all. So as to that issue, 226, it's time-barred. It does not relate back. The court is correct. The other claims are not related to the original complaint. They're totally separate. And so those don't relate back. They're time-barred. Is there an enforcement mechanism for the requirements of this act other than suit by the people injured? Well, there is an enforcement mechanism. The Labor Department here can have a civil penalty and enforce. And in addition, there's an issue of injunction. Now, you know, counsel didn't address the issue of injunction, but the fact is that at the time of the filing of the complaint, the plaintiff was not an employee of American Airlines. The statute 226-G, by its own language, requires them to be an employee. And so the court did not abuse its discretion in concluding that there was not standing for that. And I note the distinction as well. In that language regarding injunction, there is no language about an individual who suffers an injury is entitled to injunction. That language is not there. So, again, that's further evidence that there was an intent by this legislature to have injury be a precondition for monetary relief. And we've given the court authorities as the kind of injury that would be warranted there, an interference with some other right. You don't get your medical benefits because you didn't have the proper pay statement. You can't get your taxes because of that. Mathematical calculations, you do that in any event. By having the pay statement in itself to look at it and to make any determination, you're going to engage in some level of calculation. So that's not the kind of injury that was contemplated here. We've provided those authorities. All right, counsel. Thank you. Thank you. On March 3rd, we submitted a letter dealing with the Meyer case. The Meyer case actually supports our position because it speaks of had the plaintiffs incurred transaction costs or opportunity costs on account of the violations, they would have had standing to bring the suit. Here, there's no pay stub at all. There's no wage statement at all. So every employee has to get access to a computer terminal. Counsel, the argument about whether there was no wage stub at all, was that made in district court? Yes, I believe it was. And the complaint says at page 3, this is a case in which the employer provides no pay stub whatsoever. And so there's no dispute under the notice of pleadings that that was raised. And there are no pay stubs. And under Section 219 of the Labor Code, this is pay stub requirement. A detachable portion of the check is the requirement. Was that issue raised in the summary judgment? I believe it was. I can't cite you to the exact page at this instant, but I believe that was. Counsel, can you distinguish the Wilson and Moreno cases that were cited by opposing counsel regarding relation back? Yes. In Moreno, the plaintiff was fired in April of 05, and the 2699 letter wasn't even mailed until over a year later, December of 06. So how does that distinguish this case from? Well, because the initial filing of the letter was too late. It was over a year since the violation before the letter was served on the state. And so the one-year civil penalty period had passed. And with respect to the Wilson. Well, Moreno seems to have made a general statement that there can be no relation back. It's inapplicable generally to the Private Attorney General Act claims. Well, I think that's just addictive because of the fact that the claim was just over a year late. In other words, you have to ask the state for authority to recover the civil penalties within 12 months of the violation. Otherwise, I agree there can be no relation back. It doesn't make sense. But here, the complaint was filed in early. The complaint was filed on May 6, and the letter was sent on May 30. So in my mind, we should have a year and 93 days in which to seek the amendment. Okay. But that's suggesting that the 60-year period to file a complaint ought to be tacked onto the end of the original statute of limitations. And the bottom line is, if you read the statute, it just says you get 60 days from the time when you have your letter back, or you could have had your letter back, to automatically file. But your statute didn't even run until September 13 in that event, so I guess I'm trying to figure out what statutory construction I can come to of the statute inapplicable to say the 60 days runs after the statute ends. I understand. The lady was fired on August 31. I understand that. So it was time we filed the initial letter. It then says, under state law, you may seek leave to amend within 60 days automatically, but it's not a requirement. It doesn't say you must, because you don't need to seek leave. You can just file your complaint under state law. You don't even have to seek leave. But that procedural requirement would not apply in federal court. And so there is no law or rule that says you must file your complaint within 60 days or within 93 days. There is no limit except, I think, a reasonable limit, and here we filed the motion to amend within a reasonable time. The question is not covered, obviously, under federal law, how much time you have to move to amend after you file the letter. We filed the complaint on May 6, filed the letter on May 30, and within five or six months filed the motion to amend, which in my mind, given our liberal opportunity in the federal courts to file motions to amend, should be permitted. The restriction, the one-year restriction, was met when we served the letter on May 6. And the state procedural opportunity to automatically amend your complaint within 60 days obviously does not come with us when the case is removed to the federal court and we have to seek leave to amend. But there is nothing in the state statute or in any federal statute that says you must seek leave to amend within 60 days or 93 days or any other limited time. Here we did act promptly, filed the suit on May 6, filed the letter on May 30, and sought to amend in October. All right, counsel, you've exceeded your time. I appreciate it. Thank you very much. Thank you to both counsel. The case just argued is submitted for decision by the court. The next case on calendar for argument is Bradway v. Tilton.
judges: Canby, Rawlinson, Smith N. R.